```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEW ROCHELLE CP,                                            :
                              Plaintiff,                    :
                                                            :        24 Civ. 2593 (LGS)
              -against-                                     :
                                                            :             ORDER
KEITH ANTHONY,                                              :
                              Defendant.                    :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pro se Defendant filed a Notice of Removal on April 2, 2024;

WHEREAS, pursuant to 28 U.S.C. § 1446(a), notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Federal courts "construe the removal statute narrowly, resolving any doubts against removability . . . out of regard for the rightful independence of state governments[.]" *Connecticut ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023).[1] The statute's procedural requirement is "not a mere formality; rather, it allows federal courts to examine the underlying allegations so that it may determine, among other things, whether the removal is appropriate." *Roberts v. Williams*, No. 7 Civ. 4834, 2007 WL 2020095, at *2 (S.D.N.Y. July 11, 2007);

WHEREAS, a notice of removal "shall be filed within 30 days after the receipt by the defendant of the initial pleading or summons, whichever period is shorter." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021); *see also Newco Fam. LLC v. Haider*, No. 23 Civ. 8921, 2023 WL 7413712, at *2 (S.D.N.Y. Oct. 18, 2023) (remanding due to multiple removal defects, including that "it is not clear when the 30-day clocks of Sections 1446(b)(1) and (b)(3) began to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

run and whether the removal was timely");

WHEREAS, a notice of removal should state the basis for the federal court's subject matter jurisdiction by either (1) stating which, if any, of Plaintiff's claims are based on alleged violations of federal law, or (2) alleging the citizenship of the parties both at the time of the commencement of the action, and at the time of the notice of removal.  "We have remanded or dismissed cases when a plaintiff has invoked the original diversity jurisdiction of a federal district court but failed to include adequate allegations of diversity in the complaint and the record does not allow us to determine the citizenship of one of the parties." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *see also Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23 Civ. 5641, 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023) (remanding *sua sponte* where plaintiff failed to allege a party's citizenship in the notice of removal).

WHEREAS, "a counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *accord Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action.").

WHEREAS, Defendant's Notice of Removal failed to contain any process, pleadings, or orders from the state action;

WHEREAS, Defendant's Notice of Removal failed to contain a statement that the removal was timely and why or any basis for the Court to determine whether removal was timely;

WHEREAS, the Notice of Removal failed to allege the basis for the court's subject matter jurisdiction, either a federal claim by Plaintiff or the citizenship of the parties, both at the time of

the commencement of the action and at the time of the Notice of Removal;

WHEREAS, Defendant's stated basis for removal and the Court's subject matter jurisdiction are counterclaims under federal law;

WHEREAS, a district court may remand a case *sua sponte* for a procedural defect within thirty days of the filing of the notice of removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *accord Monticello Vill. Ct., Inc. v. Bey ex rel. McDaniel*, No. 23 Civ. 10855, 2024 WL 421282, at *1 (S.D.N.Y. Jan. 16, 2024); *Newco Fam. LLC*, 2023 WL 7413712, at *1. It is hereby

**ORDERED** that this matter is remanded to state court because the Notice of Removal is procedurally and substantively defective.

Pursuant to section 1447(c), the Clerk of Court is respectfully directed (1) to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County and (2) to close this case.

Dated: April 17, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE